UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>Defendants. | Case No. 20-cv-01183-AGT<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**<br><br>Re: ECF No. 65 |

Before the Court is defendants Contra Costa County, Deputy Brandon Battles, and Deputy William Root's ("County Defendants") motion for good faith settlement determination. ECF No. 65. The motion is unopposed. ECF Nos. 68, 69. For the reasons that follow, the motion is granted.

**A.     Background**

Plaintiff brings this 42 U.S.C. § 1983 action against the County Defendants and City of Richmond Police Officer Brandon Hodges, the sole remaining non-settling defendant.[1] In the operative complaint, plaintiff alleges that during a stolen-vehicle stop in May 2018, Deputy Battles and Officer Hodges used excessive force to arrest him, Deputy Root failed to intervene, and Contra Costa County implicitly condoned the incident. *See* ECF No. 48, SAC. Plaintiff also alleges that Deputy Battles fabricated evidence and maliciously prosecuted him. *See id.*

On October 5, 2020, plaintiff and the County Defendants participated in a settlement conference with Judge Hixson and reached a settlement. ECF No. 59. Under the terms of the

---

[1] Since initiating this action in February 2020, plaintiff has voluntarily dismissed several defendants, including most recently, Joseph Anderson and City of Richmond, who were both voluntarily dismissed with prejudice on March 23, 2021. ECF No. 88.

settlement, plaintiff agrees to dismiss with prejudice the action against the County Defendants, releasing all actual and potential claims against them arising out or relating to plaintiff's arrest, detention, and prosecution, for a total sum of $262,500 to be paid within 45 days of approval by the County Board of Supervisors. ECF No. 65-1, Ex. A (settlement agreement and release). On February 5, 2021, the County Defendants filed the instant motion for good faith settlement determination pursuant to California Code of Civil Procedure section 877.6. On February 12, Officer Hodges and since-dismissed defendant City of Richmond filed a statement of non-opposition, ECF No. 68, as did plaintiff, ECF No. 69.[2]

### B. Discussion

In "an action in which it is alleged that two or more parties are joint tortfeasors," California Code of Civil Procedure section 877.6 permits a court to determine whether a settlement between the plaintiff and one or more defendants was made in good faith. *See* Cal. Civ. Proc. Code § 877.6(a). "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the setting tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* § 877.6(c).

A settlement is made in good faith if it "is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 498 (1985). Courts, in making a good faith settlement determination, consider several factors, including: (1) a rough approximation of the plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) a recognition that a settlor should pay less in settlement than if found liable after a trial; (4) the allocation of the settlement proceeds among plaintiffs; (5) the settlor's financial condition and insurance policy limits, if any; and (6) evidence of any collusion, fraud, or tortious conduct between the settlor and the plaintiffs aimed at making the non-settling parties pay more than their fair share. *Id.* The burden of proving that a settlement was not made in good faith is on the party

---

[2] Plaintiff and Officer Hodges are currently scheduled to attend a settlement conference with Judge Hixson on April 6, 2021. ECF No. 64.

asserting the lack of good faith. Cal. Civ. Proc. Code § 877.6(d). But when no party objects to the proposed settlement, courts may bypass the *Tech-Bilt* factors and enter a finding of good faith when presented merely with "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case." *City of Grand Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (Ct. App. 1987); *see PAG-Daly City, LLC v. Quality Auto Locators, Inc.*, No. 12-cv-3907-WHA, 2014 WL 807415, at *2 (N.D. Cal. Feb. 27, 2014).

Here, the Court has reviewed the County Defendants' unopposed motion for good faith settlement determination, along with the Declaration of D. Cameron Baker in support of the motion and the executed settlement agreement attached thereto. Because no party contests the motion, it is unnecessary to weigh the *Tech-Bilt* factors. *See City of Grand Terrace*, 192 Cal. App. 3d at 1261. The County Defendants' unopposed motion is therefore granted.

**IT IS SO ORDERED.**

Dated: March 30, 2021

ALEX G. TSE
United States Magistrate Judge