UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>HODGES,<br><br>    Defendant. | Case No. 20-cv-01183-AGT<br><br>**PRETRIAL ORDER NO. 2** |

As discussed at the pretrial conference on February 11, 2022, the Court orders as follows for the jury trial to begin on March 8, 2022:

**I.   TRIAL SCHEDULE AND TIME LIMITS**

1. Trial will begin on March 8, 2022, at 8:30 a.m. in Courtroom D, San Francisco, 15th Floor. The assigned trial courtroom may change prior to trial based on courtroom availability. The Court will notify the parties of any courtroom change by no later than March 3, 2022.

2. Trial will be conducted from 8:30 a.m. to 1:30 p.m., Monday through Friday. There will be two 15-minute breaks, but no additional break for lunch.

3. Counsel must arrive by 8:00 a.m. each day, or earlier if directed by the Court, to discuss any matters that need to be heard outside the presence of the jury. The jury will be called at 8:30 a.m.

4. Each side will have up to 30 minutes for opening statements and up to 1 hour for closing arguments. The parties are directed to meet and confer on a deadline for

exchanging demonstratives to be used in each side's opening statements.

5. Each side will have 11.5 hours of trial time, excluding opening statements and closing arguments. Any request for additional trial time must be supported by just cause and approved by the Court.

6. The Courtroom Deputy, Stephen Ybarra, will maintain the official and final time count.

II. **VOIR DIRE AND JURY SELECTION**

1. The Court will seat 8 jurors.

2. The jury office will send an online questionnaire to prospective jurors which will consist of the office's standard questions (*see* Dkt. 142-1) and the 10 case-specific questions discussed during the February 11, 2022 pretrial conference (*see* Dkt. 142).

3. Copies of the returned questionnaires will be shared with lead counsel by email several days before trial. Counsel must then meet and confer and, by March 3, 2022, submit a stipulated list of the prospective jurors they wish to excuse. Prospective jurors on that list will be excused and will not be required to appear at the courthouse.

4. The Court will, at the final pretrial conference on March 4, 2022, discuss the questionnaire responses with counsel and conduct an initial screening. Members of the jury pool who should report to the courthouse on March 8, 2022, will be notified by March 7, 2022.

5. The jury will be selected as follows: 18 to 20 jurors will be called to fill the jury box and the row in front of the bar, and will be given numbers (1 through 20). The remaining potential jurors will be seated in the gallery. Hardship excuses will usually be considered at this point. The Court will then conduct its voir dire of the entire panel, and will ask some "raise your hand" questions of those in the box and in the front of the bar. Counsel may then conduct a limited voir dire. Challenges for cause will then be addressed outside of the presence of the potential jurors. The Court will consider whether to fill the seats of the stricken jurors. If so, questions

will be asked of the additional jurors and cause motions as to them will be considered. After a short recess, each side may exercise its allotment of preemptory challenges out of the presence of the potential jurors. The 8 potential jurors surviving the challenge process with the lowest numbers become the final jury. For example, if the plaintiff strikes 1, 5, and 7 and the defendant strikes 2, 4, and 9, then 3, 6, 10, 11, 12, 13, and 14 become the final jury. Once jury selection is completed, the jurors' names will be read again, and they will be seated in the jury box and sworn. The Court may alter this procedure in its discretion after consultation with the parties.

### III. COVID-19 PROCEDURES

1. As discussed at the February 11, 2022 pretrial conference, the parties agree to excuse any prospective jurors who are not fully vaccinated or who decline to state their vaccination status. Fully vaccinated means a full course of any COVID-19 vaccine plus one or more doses of a booster (if eligible).

2. The parties and all trial team members who will be present in the courtroom (including attorneys, paralegals, and any other individuals) must be fully vaccinated. Lead counsel are responsible for ensuring full compliance by their team members and parties.

3. The parties and all trial team members must wear masks in the courtroom. Attorneys may remove masks while actively examining a witness or speaking to the Court.

4. The Court expects that each trial witness will be fully vaccinated. By February 25, 2022, both sides must file an update stating, upon adequate inquiry, the extent to which each of their trial witnesses is vaccinated.

5. Witnesses will not wear masks while testifying. Witnesses may wear a face shield while testifying so long as it is transparent and no part of their face is obscured by the shield. The Court may modify this provision for an unvaccinated witness.

6. Any objections to these procedures must be raised at the March 4, 2022 final pretrial conference. These procedures may be modified by the Court in its discretion.

3

## IV. JURY MATERIALS AND OTHER TRIAL PROCEDURES

1. **Jury Note Pads**. Jurors will be permitted to take notes. The Court will provide each juror with a note pad.

2. **Jury Questions**. The Court will allow the jurors to ask questions during trial. Questions will be in writing and submitted to the Court.

3. **Sidebars**. There will be no attorney-initiated sidebars during trial. Counsel should not ask for one in the presence of the jury.

4. **Motions**. No motions may be filed during trial without the Court's express pre-approval on the record and out of the presence of the jury. A request must be made in court and not in an after-hours filing.

5. **Objections**. In making objections, counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court.

6. **Witness Disclosure**. At the close of each trial day, counsel shall exchange a list of the order of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of receiving such notice, opposing counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be exchanged 48 hours prior to the first day of trial. All such notices shall be provided in writing.

7. **Witness Call**. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

8. **Witnesses in the Courtroom**. Other than a party or party representative, fact witnesses are excluded from the courtroom until they are called to testify, and they may not attend in the gallery until their testimony is complete. Fact witnesses may not be informed of any other testimony given in the trial before they take the stand.

## V. JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

1. By February 25, 2022, the parties must file, and send in Word format to agtcrd@cand.uscourts.gov, a revised set of joint proposed jury instructions as discussed during the February 11, 2022 pretrial conference. The parties should be prepared to discuss the revised proposed instructions at the final pretrial conference.

2. Prior to the March 4, 2022 final pretrial conference, the Court will issue a revised version of the parties' joint proposed special verdict form (Dkt. 136). The parties will have the opportunity to raise any objections to the Court's revised special verdict form at the final pretrial conference.

## VI. CHARGING CONFERENCE

1. As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried. Prior to the close of evidence, the Court will provide proposed final instructions to the parties. After a reasonable period for review, one or more charging conferences may be held at which each party may object to any passage, ask for modifications, or ask for additions. Any instruction request must be renewed specifically at the conference or it will be deemed waived, whether or not it was requested prior to trial. If, however, a party still wishes to request an omitted instructions after reviewing the Court's draft, then it must affirmatively re-request it at the charging conference in order to give the Court a fair opportunity to correct any error. Otherwise, as stated, the request will be deemed abandoned or waived.

## VII. DEFENDANT'S MOTIONS IN LIMINE

1. **MIL No. 1, Dkt. 127: GRANTED** as unopposed.
2. **MIL No. 2, Dkt. 128: GRANTED** as unopposed.
3. **MIL No. 3, Dkt. 129: GRANTED** as unopposed.
4. **MIL No. 4, Dkt. 130: GRANTED** as unopposed.
5. **MIL No. 5, Dkt. 131: PROVISIONALLY GRANTED** pending review of the parties' revised proposed jury instruction(s) regarding the lawfulness of plaintiff's

detention and arrest.

**IT IS SO ORDERED.**

Dated: February 17, 2022

_____
ALEX G. TSE
United States Magistrate Judge