1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICARDO HERNANDEZ,

       Plaintiff,

   v.

BRANDON HODGES,

       Defendant.

Case No.  20-cv-01183-AGT

**COURT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS – ANNOTATED**

     Having reviewed the parties' joint amended proposed jury instructions (Dkt. 151), the Court intends to give these preliminary instructions to the jury that is seated on Tuesday, March 8, 2022.  The Court will take up any objections at the final pretrial conference on March 4.

     **IT IS SO ORDERED.**

Dated:  March 3, 2022

_____
ALEX G. TSE
United States Magistrate Judge

**PRELIMINARY JURY INSTRUCTIONS**

**(GIVEN AT THE BEGINNING OF THE CASE)**

**INSTRUCTION NO. _____ [1.3]**

**DUTY OF JURY**

Members of the jury:  You now are the jury in this case, and I want to take a few minutes to tell you about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed instructions that will control your deliberations.  These are the introductory instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You should also not be influenced by any person's race, color, religion, national ancestry, sexual orientation, or gender identity.  All of this means that you must decide the case solely on the evidence before you.  Keep in mind that you took an oath to do so.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.  That is for you to decide.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.3 (modified by the Court).*

United States District Court
Northern District of California

**INSTRUCTION NO. _____ [1.5]**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

The plaintiff in this case is Ricardo Hernandez.  The defendant is Officer Brandon Hodges of the Richmond Police Department.

The plaintiff alleges that defendant Officer Hodges violated his Fourth Amendment right to be free from unreasonable seizures.  The plaintiff asserts two claims against defendant Officer Hodges pursuant to 42 U.S.C. § 1983.  The plaintiff has the burden of proving his claims.

Defendant Officer Hodges denies the plaintiff's claims.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.5.  The parties stipulated to a much longer proposed instruction (see Dkt. 151 at 4) which the Court finds would be more confusing than helpful to the jury.  The Court intends to give the above instruction instead.*

**INSTRUCTION NO. ____**

**PARTIES AT ISSUE IN THIS TRIAL**

During trial, you may hear information about the County of Contra Costa, the Contra Costa County Sheriff's Office, and/or Deputies from the Contra Costa County Sheriff's Office.  You should note that these entities and ~~/or~~ individuals are not parties to this action.  The only parties to this action are ~~This action and this trial only involves~~ plaintiff Ricardo Hernandez and defendant ~~Richmond Police Department~~ Officer Brandon Hodges of the Richmond Police Department ~~as parties~~.

*Court Notes:  The parties stipulated to this instruction (see Dkt. 151 at 17).  The Court's minor modifications are in redline above.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. _____ [1.6]**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.6.*

**INSTRUCTION NO. _____ [1.9]**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.


*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.9.*

United States District Court
Northern District of California

**INSTRUCTION NO. _____ [1.10]**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.10.*

United States District Court
Northern District of California

7

**INSTRUCTION NO. \_\_\_\_ [1.11]**

**EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.11.*

**INSTRUCTION NO. \_\_\_\_ [1.12]**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.12.*

1

2

**INSTRUCTION NO. _____ [1.13]**

**RULING ON OBJECTIONS**

3       There are rules of evidence that control what can be received into evidence.  When a

4   lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that

5   it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the

6   question may be answered, or the exhibit received.  If I sustain the objection, the question cannot

7   be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question,

8   you must ignore the question and must not guess what the answer might have been.

9       Sometimes I may order that evidence be stricken from the record and that you disregard or

10  ignore that evidence.  That means when you are deciding the case, you must not consider the

11  stricken evidence for any purpose.

12

13      *Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.13.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. _____ [1.14]**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.14.*

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### INSTRUCTION NO. _____ [1.15]

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to

12

learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible by telling the Courtroom Deputy, Mr. Ybarra.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.15.*

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. _____ [1.17]**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.17.*

**INSTRUCTION NO. _____ [1.18]**

**TAKING NOTES**

If you would like, you may take notes during trial to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you.  When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.18.*

1

2

**INSTRUCTION NO. _____ [1.20]**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.20.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. _____ [2.2]**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that I will now read to you.  You must therefore treat these facts as having been proved.

1.    On May 5, 2018, at approximately 1:00 a.m., defendant Officer Brandon Hodges responded to a request from the Contra Costa County Sheriff's Office (CCCSO) for canine assistance as Contra Costa County Sheriff Deputies werewas in pursuit of a stolen vehicle.

2.    Defendant Officers Hodges was in full uniform and was acting within the scope of his employment with the Richmond Police Department, and was acting under color of state law, when he responded to CCCSO's the Contra Costa County Sheriff's Office's call for canine assistance.

3.    Defendant Officer Hodges's canine partner, Gunnar, was at the scene.

4.    Plaintiff Ricardo Hernandez was a passenger in the stolen vehicle.

5.    The traffic stop of the vehicle that the plaintiff was riding in was lawful and is not at issue in this case.

6.    The plaintiff was the last passenger ordered out of the stolen vehicle.

7.    Defendant Officer Hodges was returning his canine partner, Gunnar, to his vehicle when the struggle began between CCCSO the Contra Costa County Sheriff Deputies and the plaintiff.

7.8.    The law enforcement officers had a lawful basis to detain and arrest the plaintiff. Thus, the issue about the lawfulness of the plaintiff's detention and/or arrest is not at issue in this case.

8.9.    Defendant Officer Hodges personally did not use any excessive force on against the plaintiff.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.2.  The Court's modifications to the parties' stipulated version of this instruction (see Dkt. 151 at 4) are shown in redline above.*

*The Court's addition of fact (8) above is based on the parties' "Stipulated Special Instruction No. 3 – Right to Use Force To Effect Detention/Arrest" (see id. at 16:1–6).*

United States District Court
Northern District of California

**INSTRUCTION NO. _____ [2.16]**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A laptop computer will be available to you in the jury room.

A court technician will show you how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy, Mr. Ybarra.  If you have questions about how to operate the computer, you may send a note to Mr. Ybarra, signed by your foreperson.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with Mr. Ybarra present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the computer.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.16 (modified by the Court).*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. _____ [1.21]**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.21.*