UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO HERNANDEZ, | Case No.  20-cv-01183-AGT |
| Plaintiff, | |
| v. | **COURT'S PROPOSED FINAL JURY INSTRUCTIONS – ANNOTATED** |
| BRANDON HODGES, | |
| Defendant. | |

The Court's proposed final jury instructions are set forth below.  Except as otherwise indicated, the parties have stipulated to the instructions (*see* Dkt. 151).  The Court intends to give these instructions subject to modifications based on evidence and developments at trial.  The parties should be prepared to discuss any objections at the final pretrial conference on March 4, 2022.

**IT IS SO ORDERED.**

Dated: March 3, 2022

_____
ALEX G. TSE
United States Magistrate Judge

**FINAL JURY INSTRUCTIONS**

**(GIVEN AT THE END OF THE CASE)**

**INSTRUCTION NO. _____ [1.4]**

**DUTY OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the Jury:  Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult during your deliberations.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, bias, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, sexual orientation, gender identity, profession, occupation, economic circumstances, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.4 (modified by the Court).  The parties should be prepared to discuss when this instruction should be read (i.e., before or after closing arguments).*

1

2

**INSTRUCTION NO. _____ [3.1]**

**DUTY TO DELIBERATE**

3

4

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

5

6

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

7

8

9

10

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

11

12

13

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion or biases to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender identity, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community.

19

20

21

22

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

23

24

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.1 (modified by the Court).*

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. _____  [3.2]**

**CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet social media site, blog, website, or other application.  This applies to communicating with your family members, your employer, your friends, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has

4

not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.2 (modified by the Court).*

**INSTRUCTION NO. _____ [3.3]**

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, Stephen Ybarra, signed by your foreperson.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me or Mr. Ybarra – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.3 (modified by the Court).*

**INSTRUCTION NO. _____ [3.5]**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy, Stephen Ybarra, that you are ready to return to the courtroom.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.5.*

**INSTRUCTION NO. _____ [5.1]**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff Ricardo Hernandez on any of his claims, you must determine his damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by defendant Officer Brandon Hodges.  You should consider the following:

- The nature and extent of the injuries; and

- The physical and emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

The arguments of the attorneys are not evidence of damages.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


*Court Notes: 9th Cir. Model Civil Jury Instruction Nos. 5.1 & 5.2.  The parties have stipulated to this instruction (see Dkt. 151 at 6).  The Court has added the sentence in redline above, which the parties included in a separate instruction, "Stipulated Special Instruction No. 5 – Arguments Of Counsel Not Evidence Of Damages" (see id. at 18:1).*

United States District Court
Northern District of California

8

**INSTRUCTION NO. _____ [5.3]**

**DAMAGES – MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.


*Court Notes: 9th Cir. Model Civil Jury Instruction No. 5.3.*

1

**INSTRUCTION NO. _____ [5.5]**

2

**PUNITIVE DAMAGES**

3        If you find for the plaintiff, you may, but are not required to, award punitive damages.  The

4  purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

5  Punitive damages may not be awarded to compensate a plaintiff.

6        The plaintiff has the burden of proving by a preponderance of the evidence that punitive

7  damages should be awarded and, if so, the amount of any such damages.

8        You may award punitive damages only if you find that the defendant's conduct that

9  harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.

10  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring

11  the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it

12  reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face

13  of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or

14  omission is oppressive if the defendant injures or damages or otherwise violates the rights of the

15  plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or

16  power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

17        If you find that punitive damages are appropriate, you must use reason in setting the

18  amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

19  should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any

20  punitive damages, consider the degree of reprehensibility of the defendant's conduct, including

21  whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused

22  actual harm or posed a substantial risk of harm to people who are not parties to this case.  You

23  may not, however, set the amount of any punitive damages in order to punish the defendant for

24  harm to anyone other than the plaintiff in this case.

25        In addition, you may consider the relationship of any award of punitive damages to any

26  actual harm inflicted on the plaintiff.  In addition, you may consider Defendant Officer Hodges's

27  financial condition, and what amount is necessary to punish him and discourage future wrongful

28  conduct. and any award you impose may not exceed the involved Defendant's ability to pay.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 5.5. The Court has modified the parties' stipulated proposed instruction (see Dkt. 151 at 8) to strike the final sentence, which is based on Judicial Council of California Civil Jury Instruction ("CACI") No. 3940. The Ninth Circuit Model Jury Instructions do not include the defendant's financial condition and/or ability to pay as relevant factors in determining punitive damages; there are no state law claims at issue in this case; and the parties have cited no federal authority to support the application of California law on punitive damages in a federal § 1983 action involving no state claims.*

**INSTRUCTION NO. ___ [9.1]**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

Plaintiff Ricardo Hernandez brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.1.*

United States District Court
Northern District of California

12

**INSTRUCTION NO. ___ [9.3]**

**SECTION 1983 CLAIM – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claims against defendant Officer Hodges, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    the defendant acted under color of state law; and

2.    the acts or failure to act of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that ~~the~~ defendant *Officer Hodges* acted under color of state law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction[s] [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.3.  The Court's minor modifications to this stipulated instruction are in redline above.  This instruction may require further modification depending on whether plaintiff's integral participation claim is submitted to the jury.  To that end, the Ninth Circuit's comments to Instruction No. 9.3 provide as follows:*

> *In Reynaga Hernandez v. Skinner, 969 F.3d 930, 941-42 (9th Cir. 2020), the Ninth Circuit discussed, for the first time, the minimum level of involvement needed for § 1983 liability under the integral-participant doctrine.  When liability is alleged against a defendant on this basis, the model instruction stated above will need to be modified.*

*The parties' proposed instructions do not reference Hernandez v. Skinner.*

United States District Court
Northern District of California

**INSTRUCTION NO. _____ [9.2]**

**SECTION 1983 CLAIM – CAUSATION**

In a § 1983 action, the plaintiff must demonstrate, by a preponderance of the evidence, that the defendant's conduct was the actionable cause of the claimed injury. The inquiry into causation must be individualized and focus on the duties and responsibilities of the individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. This means that you must consider the individual actions of Defendant Officer Hodges to determine if the officer actually caused plaintiff Ricardo Hernandez's claimed injuries.

A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. Thus in order to prove defendant Officer Hodges caused plaintiff Ricardo Hernandez's claimed injuries, the plaintiff must prove that Officer Hodges' individual act or failure to act were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused plaintiff's ultimate injury.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.2, comment. The parties stipulated to the above proposed instruction on causation (see Dkt. 151 at 10). At this juncture, it is not clear to the Court that a standalone instruction on causation is necessary; the Court will revisit this issue once evidence has been presented.*

*The Court also has concerns with the parties' stipulated proposed instruction as currently written. The parties' proposed causation language—that "the plaintiff must prove that Officer Hodges' individual act or failure to act were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused plaintiff's ultimate injury"—is pulled from the Ninth Circuit's model instructions dealing with § 1983 Monell claims and § 1983 claims against supervisory defendants, neither of which are at issue in this case. The parties should be prepared to provide the Court with specific authority that supports their proposed causation language in a case involving § 1983 claims against an individual officer defendant. The parties should also be*

14

1   *prepared to discuss what impact, if any, the Ninth Circuit's decision in Hernandez v. Skinner, 969*

2   *F.3d 930 (9th Cir. 2020) has on the causation standard in this case.*

United States District Court
Northern District of California

1

**INSTRUCTION NO. _____ [9.25]**

2

**PARTICULAR RIGHTS –FOURTH AMENDMENT – UNREASONABLE SEIZURE OF**

3

**PERSON – EXCESSIVE FORCE – INTEGRAL PARTICIPATION**

4     Plaintiff Ricardo Hernandez has alleged that ~~defendant Officer Hodges was an integral~~

5 ~~participant in the~~ the non-party Contra Costa County Sheriff~~'s~~ Deputies' used ~~of~~ excessive force

6 against him in violation of his Fourth Amendment rights, and that defendant Officer Hodges was

7 an "integral participant" in that use of excessive force.  In order to find in favor of the plaintiff on

8 his integral participant claim against defendant Officer Hodges, you must first find that one or

9 more of the Contra Costa County Sheriff Deputies used excessive force against ~~the plaintiff~~him.

10     In general, a seizure of a person is unreasonable under the Fourth Amendment if a police

11 officer uses excessive force in making a lawful detention or arrest, or in defending himself or in

12 attempting to stop a fleeing or escaping suspect.  Therefore, to establish an unreasonable seizure in

13 this case, the plaintiff must prove by a preponderance of the evidence that one or more of the

14 Contra Costa County Sheriff~~'s~~ Deput~~y~~ies used excessive force when they tried to detain or arrest

15 the plaintiff.

16     Under the Fourth Amendment, a police officer may only use such force as is "objectively

17 reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use

18 of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of

19 hindsight.  Although the facts known to the officer are relevant to your inquiry, an officer's

20 subjective intent or motive is not relevant to your inquiry.

21     In determining whether any of the Contra Costa County Sheriff Deputies~~officer(s)~~ used

22 excessive force in this case, consider all of the circumstances known to the officer on the scene,

23 including:

24          1.     the nature of the crime or other circumstances known to the officer at the time force

25                 was applied;

26          2.     whether the plaintiff posed an immediate threat to the safety of the officer(s) or to

27                 others;

28          3.     whether the plaintiff was actively resisting detention/arrest or attempting to evade

United States District Court
Northern District of California

detention/arrest by flight;

4.   the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.   the type and amount of force used;

6.   the availability of alternative methods to take the plaintiff into custody or to subdue the plaintiff;

7.   the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability, i.e., which party created the dangerous situation, and which party is more innocent;

8.   whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;

9.   whether the officers were responding to a domestic violence disturbance;

10.9.   whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

11.10.   whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.  In this case, the parties agree have stipulated that there was probable cause to detain/arrest the plaintiff.

If you find that one or more of the Contra Costa County Sheriff Deputies used excessive force against the plaintiff, you must then determine whether defendant Officer Hodges was an "integral participant" in that unlawful use of force.  Integral participation does not require that each officer's actions themselves rise to the level of a constitutional violation.  But it does require some fundamental involvement in the conduct that caused the violation.  An officer whose actions were instrumental in effectuating a constitutional violation may be held liable under § 1983 as an integral participant.

17

The plaintiff's claim in this case is that defendant ~~RPD~~ Officer Hodges~~,~~ was an integral participant in the Contra Costa County Sheriff Deputies' use of excessive force.  Integral participation requires an officer to affirmatively participate in the unconstitutional conduct. Officer Hodges is liable for the claimed use of excessive force by the County Deputies if the plaintiff has proven all of the following, by a preponderance of the evidence:

1.   One or more Contra Costa County Sheriff ~~Deputy or~~ Deputies used excessive force against the plaintiff;

2.   ~~RPD~~ defendant Officer Hodges was performing some function necessary to the completion of the excessive force;

3.   ~~RPD~~ defendant Officer Hodges performed that function knowing the excessive force would occur; and

4.   The plaintiff suffered damages due to ~~RPD~~ defendant Officer Hodges' functions.

If you do not find the plaintiff has proved each of these elements by a preponderance of evidence, you must find in favor of defendant Officer Hodges, even if you believe the Contra Costa County Sheriff Deputies used excessive force against the plaintiff.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.25.  The parties stipulated to this instruction (see Dkt. 151 at 12–14).  The Court has modified the stipulated instruction, including by striking factor (9) above as it is not relevant to the instant case and by adding a paragraph to clarify the minimum level of involvement needed for § 1983 liability under the integral-participant doctrine, as discussed in Hernandez v. Skinner, 969 F.3d 930, 941-42 (9th Cir. 2020) and Blankenhorn v. City of Orange, 485 F.3d 463, 481 n.12 (9th Cir. 2007).  The parties should also be prepared to discuss (and provide supporting authority for) the elements highlighted in yellow above.*

**INSTRUCTION NO. ____**

**PARTICULAR RIGHTS –FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON – EXCESSIVE FORCE – FAILURE TO INTERVENE**

Plaintiff also asserts that defendant Officer Hodges is liable for the Contra Costa County Sheriff Deputies' excessive force because Officer Hodges failed to intervene in the Contra Costa County Sheriff Deputies' use of excessive force.  Police officers have a duty to intervene when their fellow officers violate the constitutional rights of a citizen.  But an officer can be held liable for failing to intervene only if they had a realistic opportunity to intervene.

To prove his failure to intervene claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1. One or more Contra Costa County Sheriff Deputies used excessive force when they arrested the plaintiff.

2. RPD Defendant Officer Hodges had a duty to intervene based upon the circumstances he faced.

3. RPD Defendant Officer Hodges was aware of a need to intervene due to the Contra Costa County Sheriff Deputies' actions in their arrest of the plaintiff.

4. RPD Defendant Officer Hodges had a reasonable and realistic opportunity to intervene with regard to the Contra Costa County Sheriff Deputies' force during their arrest of the plaintiff.

5. RPD Officer Hodges failed to intervene.

If you do not find the plaintiff has proved each of these elements by a preponderance of evidence, you must find in favor of RPD defendant Officer Hodges, even if you believe the Contra Costa County Sheriff Deputies used excessive force against the plaintiff.

*Court Notes: Third Circuit Manual of Model Civil Jury Instructions No. 4.6.2.  The parties stipulated to this instruction, which is based in part on the Third Circuit's Model Civil Jury Instruction No. 4.6.2 (see Dkt. 151 at 15).  Importantly, however, the parties' proposed instruction omits critical language from the Third Circuit's model instruction, clarifying when police officers*

19

*have a duty to intervene.  The Court has added the Ninth Circuit's version of such language, as discussed in Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000), in redline above.  The parties should be prepared to discuss the Court's modifications as well as the specific elements highlighted in yellow above.*

**INSTRUCTION NO. \_\_\_\_**

**RIGHT TO USE FORCE TO EFFECT DETENTION/ARREST**

The parties have agreed that the law enforcement officers involved with the plaintiff that night had reasonable cause/suspicion to detain the plaintiff and/or probable cause to arrest the plaintiff. Therefore, the issue about the lawfulness of the plaintiff's detention and/or arrest is not for your determination in this trial.

Any peace officer may use reasonable force to effect the detention/arrest, to prevent escape, or to overcome resistance. A peace officer who makes or attempts to make a detention/arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being detained/arrested, nor shall such officer be deemed an aggressor or lose his right to self-defense by the use of reasonable force to effect the detention/arrest or to prevent escape or to overcome resistance.

~~If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being detained/arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such detention/arrest.~~

*Court Notes: Cal. Penal Code §§ 835, 835a, 834 (combined). The parties stipulated to this instruction (see Dkt. 151 at 16). It is not clear to the Court why the final paragraph (stricken above) should be included. The parties should be prepared to discuss.*

United States District Court
Northern District of California

**INSTRUCTION NO. ___ [1.11]**

**EVIDENCE FOR A LIMITED PURPOSE**

If I instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.11.  This instruction may not be needed; the Court will assess at the close of evidence.*

**INSTRUCTION NO. ____**

**ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

*Court Notes: CACI 3925.  The parties stipulated to this instruction (see Dkt. 151 at 18). Rather than give this instruction as a standalone instruction, the has combined it with the instruction on "Damages – Proof" (No. 5.1 supra).*

**INSTRUCTION NO. _____ [2.9]**

**IMPEACHMENT EVIDENCE – WITNESSES**

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.9. Neither party proposed this instruction, and it is not clear whether this instruction will be necessary. The Court will decide after hearing the evidence.*